IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00067-REB-CBS

VICTORIA SINS, an individual,

Plaintiff,

v.

SKYWEST AIRLINES, INC., a Utah corporation.

Defendant.

_____

**STIPULATED PROTECTIVE ORDER**
_____

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the Court's authority under the Federal Rules of Civil Procedure, the parties, by agreement and through their counsel of record, move for the Court to enter a Stipulated Protective Order concerning certain confidential and/or private documents, such as medical records, proprietary documents and trade secrets, requested for production, and request a forthwith ruling:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

**1.    Non-Disclosure of Stamped Confidential Documents.**  Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this Order, no

stamped confidential document may be disclosed to any person. A "designating party" means a party or other person designating a document to be stamped as a confidential document. A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" to signify that it contains information that the designating party believes to be subject to protection under F.R.C.P. 26(b)(3) and (5). For purposes of this Order, the term "document" means all written, electronic, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 33, Rule 34, subpoena, by agreement, or otherwise provided by the designating party in response to any formal or informal discovery requests of any of the opposing parties in this litigation, that are designated in good faith as confidential by the designating party. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

    **2.**     **Permissible Disclosures**. Notwithstanding Paragraph 1, stamped confidential documents may be disclosed to the parties and/or their insurers for use only in this litigation; counsel for the parties in this action actively engaged in the conduct of this litigation; to the partners, associates, secretaries, and paralegals of such an attorney, to the extent reasonably necessary for those persons to render professional

services in this litigation; and to Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Upon signing the Agreement to Comply with Protective Order (attached as **Exhibit A**), the entirety of which is hereby incorporated by reference, stamped confidential documents may also be disclosed:

    a.    To any consultant or expert retained by a party who has consented to this Order;

    b.    To any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

    c.    To persons with prior knowledge of the documents; or

    d.    To any deponent.

    e.    These individuals (identified in subparagraphs (a)-(d) above) shall not give, show or otherwise divulge any of the confidential information or any copies, prints, negatives or summaries thereof to any entity or person except as specifically provided for by this Order; and

    f.    No stamped confidential document may be disclosed to any person other than those specifically listed above. Through execution of the confidentiality agreement, that third party consents to the jurisdiction of this Court for the enforcement of this Order which shall be equally binding upon it, him, or her, as well as the parties and their counsel.

    **3.**    **Non-waiver**. Disclosure of confidential documents by the designating party, under the circumstances discussed above, shall not be construed as a waiver of

the designating party's right to claim confidentiality or privilege as to any such document disclosed.  Furthermore, nothing in this Order shall be deemed to waive the designating party's right to either oppose discovery upon grounds other than that the documents and information sought constitute or contain confidential information or object on any ground to the admission in evidence, at the trial of this action, of any confidential information.

    **4.**     **Declassification**.  A party (or aggrieved entity permitted by the Court to intervene for such purpose) may apply to the Court for a ruling that a document stamped as confidential is not entitled to such status and protection.  For any disputes regarding a document's confidentiality under this agreement, the designating party shall at all times maintain the burden of proving the confidentiality, proprietary nature and/or privilege of the document(s) at issue.  Any nonparty seeking such a ruling must show to the Court why the confidential information must be shared with the individual in question.  Both sides shall remain bound by the terms of this Order pending the resolution of any such motion.

    **5.**     **Confidential Information in Depositions.**

    a.     A deponent may, during the deposition, be shown and examined about, stamped confidential documents if the deponent already knows the confidential information contained therein or if the deponent has signed the Agreement to Comply with Protective Order after review of this Order.

    b.     Parties may, either during the deposition or after receiving a copy of the deposition, designate pages of the transcript (and exhibits thereto) as confidential.

Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "CONFIDENTIAL."  Until individual designation is mutually agreed by the parties, the deposition will be treated as subject to protection against disclosure under this Order.

6. **Confidential Information at Trial.**  Subject to the applicable Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any Court hearing.  Any party may move the Court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded at the trial.

7. **Subpoena by Other Courts or Agencies.**   If another Court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or Order.  The party or other person who designated the document as confidential shall then be permitted to challenge the subpoena or Order at its own expense.

8. **Filing.** Confidential documents may, under appropriate circumstances, be filed with the Court.  If filed with the Court, they shall be filed under seal in accordance with the applicable rules of civil procedure and ~~shall remain sealed while in the office of~~ Local Rule 7.2

~~the Clerk as long as they retain their status as stamped confidential documents~~. To the extent possible, the Parties shall redact from documents designated "confidential" material not relevant to the subject matter of the filing. For example, unrelated prior medical history shall be redacted from documents filed with the Court.

      **9.**    **Client Consultation.** Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of Section 2 above.

      **10.**    **Use.** Persons obtaining access to stamped confidential documents under this Order shall comply with this Order and shall use the information exclusively for preparation and evaluation of this case during litigation (including appeals and retrials). Any person or entity who chooses to receive information under this Protective Order agrees that such information will not be provided to nonparties for use in other litigation or for use in claims or adjustment bureaus, by underwriting, or any other entities or persons except those as specifically noted above.

      **11.**    **Non-Termination.** The provisions of this Order shall not terminate at the conclusion of these actions. Within one-hundred twenty (120) days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be destroyed. If any stamped

confidential documents are discovered after this 120-day period, the documents shall be destroyed as soon as practicable.

**12.     Modification Permitted**.  Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

**13.     Responsibility of Attorneys**.  The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of stamped confidential documents.  Parties shall not duplicate any stamped confidential document except working copies, in accordance with Section 2 above, and/or for filing in Court under seal.  The attorneys of record are responsible for ascertaining that, at the conclusion of this litigation, all retained experts and/or consultants to whom confidential information has been disclosed or disseminated have destroyed all documents and other materials, and copies thereof, produced pursuant to this Order.

**14.     Record keeping.**  Nothing in this Order is intended to interfere with or alter the record keeping obligations or policies of the firm for any attorney of record, the insurer for any party involved in this litigation, and/or any party.  Copies of confidential documents may be maintained in accordance with applicable record keeping obligations or policies of the firm for any attorney of record, the insurer for any party involved in this litigation, and/or any party so long as they are not disclosed or disseminated to a third party.

DATED this __24th__ day of __April____, 2015.

8

BY THE COURT:

The Honorable Craig Shaffer

Magistrate Judge

**WE AGREE AND MOVE:**

DATED this 22nd day of April, 2015.

| | |
|---|---|
| s/ Thomas D. Neville<br>Murray Ogborn<br>Thomas D. Neville<br>OGBORN MIHM, L.L.P.<br>1700 Broadway, Suite 1900<br>Denver, CO 80290<br>PHONE: (303) 861-7472<br><br>Attorneys for Plaintiff | s/ Joan S. Allgaier<br>Joan S. Allgaier<br>Deanne McClung<br>HALL & EVANS, L.L.C.<br>1001 17th Street, Suite 300<br>Denver, Colorado 80202<br>(303) 628-3424<br><br>Attorneys for Defendant SkyWest Airlines, Inc. |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 22nd day of April, 2015, a true and correct copy of the foregoing **STIPULATED PROTECTIVE ORDER** electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties at the following e-mail address:

Murray Ogborn, Esq.
murray.ogborn@ogbornmihm.com

Thomas D. Neville, Esq.
thomas.neville@ogbornmihm.com

                                                             *s/ Corine Carter*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00067-REB-CBS

VICTORIA SINS, an individual,

Plaintiff,

v.

SKYWEST AIRLINES, INC., a Utah corporation.

Defendant.

---

**AGREEMENT TO COMPLY WITH PROTECTIVE ORDER**

---

1. I affirm that I have read the Stipulated Protective Order entered on

_____ [hereinafter, the "Order"], the entirety of which is hereby

incorporated by reference.

2. I hereby affirm and reiterate that:

    A. I will maintain the confidentiality of any information designated as Confidential in accordance with the Order; I will use, store and maintain such information so as to safeguard against the disclosure of such confidential information to any unauthorized person; and I will comply with all applicable limits required under the Order.

    B. I will use any confidential information imparted to me only for the purpose of the above litigation, and I will make no commercial or other use of any

**EXHIBIT A**

part of such confidential information covered by the Order, nor will I assist any other person in doing so.

   C. At the conclusion of this litigation, I will comply with the Order by destroying all confidential information in my possession or control.

Dated: _____       _____
              Name

               _____
              Signature

STATE OF  _____)
               ) ss.
COUNTY OF_____)

The foregoing instrument was acknowledged before me this \_\_\_ day of _____ 2015, by _____.

My commission expires: _____

Witness my hand and seal.

_____

2